**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| |
|---|
| THE TRAVELERS INDEMNITY COMPANY, |
| Plaintiff, |
| -against- |
| PENN AMERICA INSURANCE COMPANY, |
| Defendant. |

Case No.

**COMPLAINT**

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, The Travelers Indemnity Company ("Travelers"), by and through its undersigned counsel, as and for its Complaint for Declaratory Relief ("Complaint") against Defendant Penn America Insurance Company ("Penn America"), alleges upon information and belief as follows:

**NATURE OF THE ACTION**

1. Travelers is providing a defense to 48 East 5th Street Associates, LLC ("48 East 5th Street") in a lawsuit entitled *Yossif K. Hafez and Heather Hafez v. 48 East Fifth Street Associates LLC, Kessler Management & Maintenance Corp., Big Mama's Party Rentals Inc., XYZ Elevator Companies 1-10 and XYZ Maintenance Companies 11-20*, pending in the Superior Court of New Jersey, Law Division, Bergen County, Docket No. BER-L-162-25 (the "Underlying Action"). See Underlying Action Complaint attached as Exhibit A.

2. In the instant action, Travelers seeks a declaration that Penn America is obligated to defend and indemnify 48 East 5th Street in the Underlying Action as an additional insured under the policy of insurance issued by Penn America to Big Mama's Party Rentals, Inc. ("Big Mama's") on a primary, non-contributory basis, and that Travelers is entitled to judgment for all defense and indemnity costs incurred on behalf of 48 East 5th Street in the Underlying Action.

1

**PARTIES**

3.      At all times relevant hereto, Travelers was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

4.      Upon information and belief, at all times relevant hereto, Penn America Insurance Company was and is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Bala Cynwyd, Pennsylvania.

5.      Based upon the foregoing, Travelers is a corporate citizen of the State of Connecticut, while Penn America is a corporate citizen of the State of Pennsylvania, thereby establishing complete diversity of citizenship between the parties.

**JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

7.      In the Underlying Action, Yossif K. Hafez ("Claimant") seeks recovery for alleged severe and permanent personal injuries. Therefore, the purported value of the Underlying Action exceeds $75,000.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this claim occurred in this judicial district.

9.      An actual and justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Penn America.

10.      Travelers has no adequate remedy at law.

2

## THE RELEVANT POLICIES

11.    Upon information and belief, Penn America issued Commercial General Liability Policy No. PAV0489596 to Big Mama's Party Rentals, Inc. for the policy period March 19, 2024 to March 19, 2025 (the "Penn America Policy").

12.    Upon information and belief, subject to certain terms, conditions, and exclusions, the Penn America Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident, with limits of $1,000,000 per occurrence and $2,000,000 general aggregate.

13.    The Penn America Policy contains additional insured endorsement form GCG4000 04 23, entitled "ADDITIONAL INSURED – AUTOMATIC STATUS WHEN REQUIRED IN A WRITTEN CONTRACT OR AGREEMENT (OTHER THAN CONSTRUCTION)," which provides, in pertinent part, as follows:

**A.** Section II – Who Is An Insured is amended to include as an additional insured any person or organization when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or

2. The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured or in connection with the ownership, maintenance or use of that part of the premises leased to you.

3

However, the insurance afforded to such additional insured:

1. Only applies to the extent permitted by law; and

2. Will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

14. The Penn America Policy was further endorsed, effective December 13, 2024, to add endorsement form CG 20 11 12 19, entitled "ADDITIONAL INSURED – MANAGERS OR LESSORS OF PREMISES," which provides, in pertinent part, as follows:

Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by you or those acting on your behalf in connection with the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule.

15. Per the Schedule of the CG 20 11 12 19 endorsement, the designated premises is 81 Dale Ave, Paterson, NJ 07501, and the named additional insured is Sanitary Realty, LLC, 460 Getty Ave, Clifton, NJ 07011.

16. Upon information and belief, 48 East 5th Street Associates, LLC is a related or affiliated entity managed by Kessler Management & Maintenance Corp., and the additional insured status afforded to Sanitary Realty, LLC under the Penn America Policy—as a manager or lessor of the premises leased to Big Mama's—applies with equal force to 48 East 5th Street as a manager or lessor of the premises at issue.

17. The Penn America Policy also contains endorsement form CG 24 04 12 19, "WAIVER OF TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US

4

(WAIVER OF SUBROGATION)," waiving Penn America's subrogation rights against Sanitary Realty, LLC, 460 Getty Ave, Clifton, NJ 07011.

18. The Penn America Policy's Other Insurance provision states, in pertinent part, that this insurance is excess over any other primary insurance available to an insured when that insured has been added as an additional insured under such other insurance, and excess over any other primary insurance available to the insured covering liability for damages arising out of the premises or operations for which the insured has been added as an additional insured.

19. Travelers issued Commercial General Liability Policy No. Y-660-9E736542-IND-24 to Kessler Management & Maintenance Corp. and its related entities, expressly including 48 East 5th Street Associates, LLC as a Named Insured thereunder, for the policy period October 11, 2024 to October 11, 2025 (the "Travelers Policy").

20. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident, with limits of $1,000,000 per occurrence.

21. The Travelers Policy contains excess "other insurance" provisions which provide that coverage under the Travelers Policy is excess over any other coverage available where the Named Insured was added as an additional insured under another policy.

**BACKGROUND FACTS**

22. Claimant's alleged personal injuries arose out of an incident occurring on or about December 11, 2024, at premises located at 34 East 5th Street (also identified as 81 Dale Ave), Paterson, New Jersey (the "Premises").

23. Specifically, Claimant alleges that while at the Premises, he was caused to suffer severe and permanent personal injuries due to an unreasonably dangerous condition, namely an improperly maintained elevator and/or material lift, which dropped and crashed as a result of a malfunction.

24. Upon information and belief, at the time of the incident, warnings were posted on and near the hoist/material lift stating that persons should not be transported thereon.

25. At all relevant times, Big Mama's Party Rentals, Inc. was a tenant at the Premises pursuant to a Lease Agreement dated April 9, 2024, between Big Mama's Party Rentals, Inc. as Tenant and 48 East 5th Street Associates, LLC as Landlord (the "Lease").

26. Upon information and belief, Claimant Yossif K. Hafez is the husband of the owner of Big Mama's Party Rentals, Inc.

27. Under the terms of the Lease, Big Mama's was obligated to accept the Premises in its "as-is" condition, and was required at its own cost and expense to make all repairs to and maintain the Premises in good condition. Specifically, the Lease provides that Big Mama's "shall have exclusive obligation and responsibility at its expense to maintain and keep in good repair the interior and exterior of the premises, excluding structural components of the building and the roof."

28. Under the terms of the Lease, Big Mama's further agreed to indemnify and hold 48 East 5th Street harmless from and against any and all claims, actions, damages, liability, and expenses in connection with loss of life, personal injury, or damage to property arising out of any occurrence in, upon, or at the demised premises, occasioned wholly or in part by any act or omission of Big Mama's, its agents, or contractors.

29. The Lease further obligated Big Mama's to maintain commercial general liability insurance naming 48 East 5th Street (the Landlord) as an additional insured, with minimum limits

of $2,000,000 per occurrence, and to ensure such insurance was primary without right of contribution from any other insurance carried by or on behalf of 48 East 5th Street.

30.    The Penn America Policy was in full force and effect on the date of the Underlying Action's alleged incident, December 11, 2024, the Premises location having been added to the Penn America Policy by endorsement effective April 10, 2024, and the additional insured endorsements having been added by endorsement effective December 13, 2024.

31.    Travelers is defending 48 East 5th Street in connection with the Underlying Action pursuant to the Travelers Policy.

32.    In the Underlying Action, Claimant seeks to impose liability on 48 East 5th Street for alleged severe and permanent bodily injury arising out of the incident at the Premises on December 11, 2024.

## TENDER TO PENN AMERICA

33.    By correspondence dated December 30, 2024, Travelers tendered the defense and indemnification of 48 East 5th Street with respect to the Underlying Action to Big Mama's.

34.    By correspondence dated February 3, 2025, Big Mama's insurance carrier, Penn America, acknowledged the tender and accepted it only subject to a Reservation of Rights.

35.    By correspondence dated February 7, 2025, Travelers rejected Penn America's offer to accept the tender of 48 East 5th Street under a Reservation of Rights and reaffirmed its tender demand for the defense and indemnification of 48 East 5th Street under the Penn America Policy without reservation.

36.    By correspondence dated February 13, 2025, Penn America maintained its earlier position from its February 3, 2025 letter.

37.    Travelers again reaffirmed its tender by correspondence dated September 25, 2025.

38.   Travelers again reaffirmed its tender by correspondence dated December 17, 2025.

39.   By email dated January 23, 2026, Penn America and accepted it only subject to a Reservation of Rights and conditioned its acceptance on a waiver of past defense costs incurred by Travelers on behalf of 48 East 5th Street

40.   Travelers rejected Penn America's conditional acceptance, as it was improper to condition the defense of an additional insured upon a waiver of previously incurred defense costs.

41.   Thereafter, Penn America reversed its position entirely, declining to provide a defense or indemnity to 48 East 5th Street and asserting that the determination of coverage would depend upon the factual findings of a court or jury.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

42.   Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs 1 through 41 above as if fully set forth herein.

43.   48 East 5th Street qualifies as an additional insured under the Penn America Policy with respect to the Underlying Action pursuant to: (a) the blanket additional insured endorsement form GCG4000 04 23, which extends additional insured status to any person or organization with whom Big Mama's agreed in writing to add as an additional insured, as required by the Lease; and (b) the Managers or Lessors of Premises endorsement form CG 20 11 12 19, which specifically adds managers and lessors of premises leased to Big Mama's as additional insureds.

44.   The Claimant's alleged injuries arose out of an occurrence at the demised premises leased to Big Mama's, and were caused, in whole or in part, by the acts or omissions of Big Mama's and/or those acting on its behalf in connection with the ownership, maintenance, or use of that part of the premises leased to Big Mama's, thereby triggering additional insured coverage under the Penn America Policy.

45. The coverage provided to 48 East 5th Street under the Penn America Policy is primary to, and non-contributory with, any coverage provided by the Travelers Policy, as required by the terms of the Lease and the applicable provisions of the Penn America Policy.

46. Accordingly, Travelers seeks a declaration that Penn America has an obligation to defend and indemnify 48 East 5th Street in the Underlying Action as an additional insured under the Penn America Policy; that the coverage provided by the Penn America Policy to 48 East 5th Street is primary; and that the obligations of Travelers to 48 East 5th Street are excess to proper exhaustion and full payment of the limits of the Penn America Policy.

47. In addition, Travelers seeks an award at law and in equity against Penn America for recovery of all sums Travelers has paid and continues to pay in the defense of 48 East 5th Street in the Underlying Action, as the coverages provided by the Penn America Policy are primary to any coverage provided by Travelers.

## PRAYER FOR DECLARATORY RELIEF

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1. Declaring that the Penn America Policy was in full force and effect on the date of the injury alleged by Claimant in the Underlying Action;

2. Declaring that all terms and conditions of the Penn America Policy have been met;

3. Declaring that the Underlying Action and the alleged accident upon which it is based fall within the coverage afforded by the Penn America Policy;

4. Declaring that Defendant Penn America owes a duty to defend 48 East 5th Street in connection with the Underlying Action on a primary, non-contributory basis;

9

5.      Declaring that Defendant Penn America owes a duty to indemnify 48 East 5th Street in connection with the Underlying Action on a primary, non-contributory basis;

6.      Declaring that Defendant Penn America's coverage obligations to 48 East 5th Street with respect to the Underlying Action are primary;

7.      Declaring that Plaintiff Travelers' coverage obligations under the Travelers Policy toward 48 East 5th Street with respect to the Underlying Action are excess to those of Defendant Penn America;

8.      Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Penn America with respect to Penn America's duty to defend and indemnify 48 East 5th Street in connection with the Underlying Action;

9.      Awarding judgment against Penn America in an amount equal to the sums that Travelers has incurred and continues to incur in defending the claims against 48 East 5th Street in the Underlying Action;

10.     Granting an award in favor of Travelers for the costs of suit incurred herein;

11.     Granting Travelers injunctive relief requiring Penn America to assume and pay for 48 East 5th Street's defense in the Underlying Action going forward; and

12.     Granting such other and further relief as the Court may deem just and proper.


Dated: Blue Bell, PA
       May 28, 2026

USERY & ASSOCIATES


By:     /s/Michael J. McLaughlin_____
        Michael J. McLaughlin
        *Attorneys for Plaintiff –*
        *The Travelers Indemnity Company*
        T. (917) 778-6680

10

F. (844) 571-3789
E. MJMCLAUG@travelers.com

<u>Mailing Address</u>:[1]
P.O. Box 2996
Hartford, CT 06104

---

[1] Physical Address: 801 Lakeview Drive, Suite 300 Blue Bell, PA 19422

11