**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY,<br>*Plaintiff,*<br>v.<br>PENN-AMERICA INSURANCE COMPANY,<br>*Defendant.* | CIVIL ACTION<br>NO. 26-3667 |

**Pappert, J.** **October 1, 2026**

**MEMORANDUM**

The Travelers Indemnity Company sued Penn-America Insurance Company seeking a declaration that Penn-America must defend and indemnify 48 East Fifth Street Associates, LLC, in an underlying New Jersey proceeding. Penn-America moves to dismiss on grounds that 48 East Fifth Street is a required party. The Court denies the motion.

I

In December of 2024, Yossif Hafez was allegedly injured due to an elevator malfunction at 34 East 5th Street in Paterson, New Jersey. (Compl. ¶¶ 7, 22, Dkt. No. 1; Underlying Compl. ¶¶ 4,6, Dkt. No. 1-1.) Those premises are purportedly owned by 48 East Fifth Street Associates, LLC, which also leases part of the premises to Big Mama's Party Rentals, Inc. (Compl. ¶¶ 25, 28.) 48 East Fifth Street is a named insured under a Travelers Indemnity Company commercial general liability policy with limits of $1,000,000 per occurrence. (*Id.* ¶¶ 19–20.) Penn-America insures Big Mama's under its own commercial general liability policy with limits of $1,000,000 per

occurrence. (*Id.* ¶¶ 11–12.) The lease allegedly requires Big Mama's to name 48 East Fifth Street as an additional insured under whatever commercial general liability coverage it maintains. (*Id.* ¶ 28.)

In January of 2025, Hafez and his wife Heather sued, among others, 48 East Fifth Street and Big Mama's in the Superior Court of New Jersey. (Underlying Compl. ¶¶ 4, 6.) Travelers is currently defending 48 East Fifth Street in this underlying action, while Penn-America refuses to do so under the policy it issued Big Mama's. (Compl. ¶¶ 1, 35–38.) Travelers filed this lawsuit seeking a declaration that Penn-America must defend and indemnify 48 East Fifth Street as an additional insured under Big Mama's policy and that Penn-America's coverage is primary to Travelers'. (*Id.* ¶¶ 18, 46.)

Penn America moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) on the grounds that 48 East Fifth Street is a required party under Rule 19, whose absence will prevent the court from affording complete relief or subject Penn-America to multiple or inconsistent obligations. (Dkt. No. 6.)

II

Federal Rule of Civil Procedure 12(b)(7) allows a party to assert the defense of failure to join a necessary party under Rule 19. In assessing Rule 12(b)(7) motions, courts accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Jurimex Kommerz Transit G.M.B.H. v. Case Corp.,* 65 Fed.Appx. 803, 805 (3d Cir. 2003); *Mfrs. & Traders Tr. Co. v. Minuteman Spill Response, Inc.*, 999 F. Supp. 2d 805, 814 (W.D. Pa. 2013). The moving party bears the burden of demonstrating that an absent party is necessary. *Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc.*, 669 F. Supp. 2d 613, 618 (W.D. Pa. 2009). Courts follow

a three-part test for determining whether an absent party must be joined under Rule 19. *Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC*, 80 F.4th 223, 232 (3d Cir. 2023).

The Court must first determine whether the absent party meets the "qualifications under Rule 19(a)(1)(A) [or] (a)(1)(B)." *Epsilon*, 80 F.4th at 232. Subsection (a)(1)(A) is satisfied if the party's absence prevents the court from "accord[ing] complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). And subsection (a)(1)(B) is met if the absent party "claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party's] absence may (i) as a practical matter impair or impede [their] ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). Second, if either subsection (a)(1)(A) or (a)(1)(B) is met, the Court asks whether joinder of the absent party is "feasible—that is, can the party be joined without depriving the court of the ability to hear the case?" *Epsilon*, 80 F.4th at 222. And third, if joinder is not feasible, the Court asks whether the action should "continue in the party's absence or be dismissed," *id.*, which entails a multifactor analysis and the exercise of "equity and good conscience," Fed. R. Civ. P. 19(b).

III

48 East Fifth Street's absence does not prevent the Court from affording complete relief among Travelers and Penn-America. Penn-America contends only that the Court cannot do so because 48 East Fifth Street "could still potentially file" a separate lawsuit against Penn-America. (Penn-America's Mem. in Supp. of Mot. at 11, Dkt. No. 6-1.) But this is speculative and, in any event, the completeness inquiry asks

only whether the Court can accord complete relief among existing parties. Fed. R. Civ. P. 19(a)(1)(A). The effect on absent parties is immaterial. *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 313 (3d Cir. 2007). *See also Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir. 1996) ("Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought.") The concern, rather, is to prevent partial or "hollow" judgments that do not resolve the controversy. *Field v. Volkswagenwerk AG*, 626 F.2d 293, 301 (3d Cir. 1980).

48 East Fifth Street's joinder is also not required under Subsection (a)(1)(B), which requires the person to both claim an interest relating to the subject matter of the action and be so situated that disposing of the action in the person's absence may either impede the ability to protect that interest or leave an existing party subject to a risk of incurring multiple or otherwise inconsistent obligations because of that interest. Fed. R. Civ. P. 19(a)(1)(B). 48 East Fifth Street has not claimed an interest relating to the subject of this action, and on the facts of this case it is not "necessary" for the Court to take steps on its own initiative to protect it. *See Epsilon Energy*, 80 F.4th at 233.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***

Gerald J. Pappert, J